# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD ALLEN, 06272-030** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 11-cv-0138-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| WARDEN OF MARION | ) |
| PENITENTIARY, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**Facts:**

The version of the facts in this case is provided by Plaintiff's complaint (Doc. 15). On May 23, 2011, officials acting for the United States removed DNA from Plaintiff's person while he was at the United States Penitentiary in Marion, Illinois.[1] This DNA was extracted without Plaintiff's consent. Plaintiff claims that this amounts to an unreasonable search and a violation of due process. He also claims that the United States consistently fails to maintain records.

**Discussion:**

Plaintiff contends that the extraction of his DNA without his consent violates his constitutional rights. However, the Seventh Circuit has held that the law requiring that DNA be extracted from prisoners has a legitimate purpose: to create a DNA database that aids law enforcement officials. *Gilbert v. Peters*, 55 F.3d 237, 239 (7th Cir. 1995). The Court has further examined federal DNA law and has held that DNA extraction from prisoners does not violate constitutional law. *United States v. Hook*, 471 F.3d 766, 772 (7th Cir. 2006). *See also Green v. Berge*, 354 F.3d 675, 677-78 (7th Cir. 2004)(holding that the Wisconsin statute requiring all incarcerated felons to provide DNA samples for the state DNA bank does not violate the

---

[1] Plaintiff does not allege what method was used to extract his DNA or who was responsible for the collection.

2

constitution).

The forced extraction of Plaintiff's DNA does not violate his constitutional rights. Plaintiff does not allege that the extraction occurred in a way that caused him physical harm, only that the extraction itself was unreasonable. Simply because Plaintiff disagrees and does not want to submit to DNA extraction does not mean that any of his rights have been violated. No constitutional issues are present in a case such as this where DNA is extracted from a prisoner. Therefore, this claim is dismissed with prejudice.

Plaintiff also claims that the failure of the United States to maintain records violates his rights. Plaintiff does not specify what records he wishes the United States to maintain, but the Court assumes that he means DNA records. Plaintiff has no constitutional rights concerning the United States' practice of maintaining DNA records, or any other sort of records. This claim is not based on a constitutional violation, and thus relief cannot be granted. It, too, is dismissed with prejudice.

**Pending Motions:**

Plaintiff has filed two motions for a preliminary injunction, one on February 18, 2011 (Doc. 1), and the other on May 25, 2011 (Doc. 13). In each of these motions, Plaintiff states that he wants the Court to enjoin the Federal Bureau of Prisons from collecting his DNA. Plaintiff further states that DNA sampling by the prison is discriminatory, as DNA is taken only from individuals in custody, and that his future right to travel and rent hotel rooms is jeopardized by this practice.

The United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Society v. Walker*, 453 F.3d 853, 870

(7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 United States 968, 972 (1997) (emphasis in original)). In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999). *Accord Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

For the reasons stated above, Plaintiff has not shown that he would succeed on the merits. DNA sampling performed by the Bureau of Prisons is a legal practice, and Plaintiff's constitutional rights are not violated where his DNA is extracted while in prison. Thus, his claim does not succeed on the merits, and an injunction is not warranted. Plaintiff's motions for an injunction (Docs. 1, 13) are **DENIED** with prejudice.

Plaintiff filed a motion to compel (Doc. 8) on March 9, 2011. In this motion, Plaintiff seeks an order compelling Defendants to produce all statements made by prison officials. However, such a discovery motion is premature at the threshold review stage of a prisoner civil rights case. *See* 28 U.S.C. § 1915A; FED. R. CIV. P. 34, 37. Further, the Court has determined that this case does not survive threshold review, and therefore the motion to compel (Doc. 8) is **DENIED** as moot.

Plaintiff filed two other motions (Docs. 11, 12) on May 18, 2011, and May 25, 2011, requesting service of process and proof of service in this action. Plaintiff is advised that in pro se actions, summons is issued and served on Defendants upon the Court's completion of its threshold review order for Defendants against whom claims survive review. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review. In this instance, Plaintiff's complaint does not survive review, and thus these motions are **DENIED** as moot.

**Disposition:**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED this 14th day of July, 2011

s/   MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge